JAMES G. HALL *versus* INHABITANTS OF CLIFTON.

By R. S., c. 24, § 32, towns are to pay expenses *necessarily* incurred for the relief of paupers, by an inhabitant *not liable* for their support, after notice and request to the overseers, until provision is made for them.

By § 9, the father and mother, grandfather and grandmother, children and grandchildren, by consanguinity, living within the State, and of sufficient ability, are to support persons chargeable in proportion to their respective ability.

A grandfather not of sufficient ability to support his grandchild, in whole or in part, stands in the same position as other inhabitants of the town in which he resides.

If otherwise within § 32, he may recover of the town for the expenses necessarily incurred in relieving his grandchild; and, if he has hired him kept, the expenses *actually* paid out.

If of sufficient ability to contribute partial support, he can recover only that part of the support which he cannot supply.

ON EXCEPTIONS from *Nisi Prius*, KENT, J., presiding.

ASSUMPSIT for supplies furnished a pauper of the defendant town by an inhabitant thereof.

The alleged pauper was a grandchild of the plaintiff, about four years of age, residing with him.

The pauper's father was dead, and the plaintiff hired the

pauper to be kept by the pauper's mother, who was remarried and lived in another place. A portion of the sum sued for included the expense paid the mother.

The defendants contended that the plaintiff could not maintain this action, because he was a person liable for said child's support by virtue of R. S., c. 24, § 9, whether he was of sufficient ability to support the child or not; but, if he could maintain it, he could not recover for hiring him kept by his mother.

The presiding Judge instructed the jury, that the grandfather might maintain the action if they were satisfied he was not of sufficient ability within § 9; that, if he was of sufficient ability to contribute partially only, he could recover only for that part of the support which they found he had not sufficient ability to supply; and that he might recover for the amount actually paid his mother, if he was entitled to recover otherwise.

The verdict was for the plaintiff, and the defendants excepted.

*J. A. Peters*, for the defendants.

*Mace*, for the plaintiff.

APPLETON, C. J.— By R. S., c. 24, § 32, "towns are to pay expenses *necessarily* incurred for the relief of paupers by an inhabitant *not liable* for their support, after notice and request to the overseers, until provision is made for them."

By § 9, "the father and mother, grandfather and grandmother, children and grandchildren, by consanguinity, living within the State and of *sufficient ability*, are to support persons chargeable, in proportion to their respective ability."

The plaintiff is an inhabitant of the defendant town, and grandfather of the pauper whom he relieved. If of *sufficient ability* he would be liable in whole or in part for the support of his grandchild. If not, but in all other respects within the provisions of § 32, he may well maintain this

action notwithstanding his relationship. It could never have been the intention of the Legislature to prevent kindred from aiding each other; nor, if they were not of sufficient ability, to prohibit their recovering for such supplies as they might furnish.

If not of sufficient ability, they stand in the same position as other inhabitants of the town in which they reside. If, being of sufficient ability, they furnish aid to those whom they are bound in law to support, and seek to recover compensation for the same, such facts will constitute a good defence in whole or in part.

Whether there was fraud or collusion on the part of the plaintiff was a question for the jury. As there has been no motion for a new trial, their decision is final.

*Exceptions overruled.*

CUTTING, DAVIS, KENT and WALTON, JJ., concurred.